UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOKHEAN KEO,<br>　　　　Petitioner,<br>　　v.<br>CURRENT OR ACTING FIELD OFFICE DIRECTOR, et al.,<br>　　　　Respondents. | Case No. 24-cv-04280 NC (PR)<br><br>**ORDER OF TRANSFER** |

Petitioner, a non-citizen detainee currently confined at the Mesa Verde Detention Center in Bakersfield, California, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his prolonged detention without a hearing as unconstitutional. Dkt. No. 1 at 2. Petitioner names several Respondents, including the "Current or Acting" Field Office Director of the United States Immigration and Customs Enforcement ("ICE") Office located in San Francisco. *Id.* at 3. Petitioner cites several cases filed in the Northern District of California in which judges in the district exercised jurisdiction over similar § 2241 petitions naming the San Francisco Field Officer Director as a respondent. *Id.* at 3-4. However, the Ninth Circuit's recent decision in *Doe v. Garland*, No. 23-15361,

-- F.4th --, 2024 WL 3561360 (9th Cir. July 29, 2024), makes clear that the proper respondent for a § 2241 petition is the warden of the facility where the prisoner is being held. In reversing the district court's decision in *Doe*, the Ninth Circuit held the district court erred in exercising jurisdiction over the petitioner's § 2241 petition because he failed to name his immediate custodian as the respondent and filed the petition outside the district of his confinement. *Id.* at 25. *Doe* also makes clear that for a § 2241 petition, "jurisdiction lies in only one district: the district of confinement." *Id.* at 22 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759, 759-60 (9th Cir. 2020) (applying the district of confinement rule to a § 2241 petition involving a non-citizen's challenge to his immigration detention).

Like the petitioner in *Doe*, Petitioner is not confined within this district. He also failed to name his immediate custodian as the respondent, and he filed his petition outside the district of his confinement. Thus, under *Doe*, this Court lacks jurisdiction over Petitioner's § 2241 petition. Here, the only district that has jurisdiction over the petition is the Eastern District of California, where Mesa Verde Detention Center is located and where Petitioner is currently confined.

Where a case is filed in the wrong division or district, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a); *see also Lopez-Marroquin*, 955 F.3d at 760 (ordering the transfer of immigrant detainee's § 2241 petition to the district where the petitioner was confined). Petitioner could have filed this action in the Eastern District as the only district that has jurisdiction over his § 2241 petition, and he could have named the warden or facility administrator of Mesa Verde Detention Center as the respondent. Accordingly, the Court finds that the interests of justice are best served by ordering the immediate transfer of this case to the Eastern District of California, in lieu of dismissal, which would only delay this matter and unduly burden Petitioner.

The Clerk of the Court shall terminate all pending motions and transfer the entire file to the Eastern District of California.

**IT IS SO ORDERED.**

DATED: August 12, 2024

NATHANAEL M. COUSINS
United States Magistrate Judge

Order of Transfer
PRO-SE\NC\HC 2024\04280Keo_transfer(ED)