UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOKHEAN KEO,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>CURRENT OR ACTING FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>　　　　　　Respondent. | Case No.  1:24-cv-00945-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(Doc. No. 3) |

　　　　Before the court is Petitioner's motion for appointment of counsel.  (Doc. No. 3). Petitioner, an immigrant detainee, has pending a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241 challenging his prolonged detention without a bond hearing.  (*See generally* Doc. No. 1, "Petition").  Petitioner requests that the Court appoint counsel to represent him on his Petition because immigration law is complex and his status as a detained immigrant makes it difficult to present his case.  (Doc. No. 3).

　　　　There is no automatic, constitutional right to counsel in federal habeas proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958).  The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court

determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  Moreover, the *Rules Governing Section 2254 Cases* in the United States District Courts require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c).

Based upon the record, the Court finds Petitioner has not demonstrated that appointment of counsel is necessary at this stage of the proceedings.  The Petition remains at the early procedural stage.  Indeed, the Court has not yet ordered respondent to respond to the Petition. Petitioner was able to file his habeas petition without the aid of counsel.  Consequently, the Court finds the circumstances of this case currently do not indicate that appointed counsel is necessary to prevent due process violations.

Accordingly, it is ORDERED:

Petitioner's motion for appointment of counsel (Doc. No. 3) *is denied without prejudice*.

Dated:   August 26, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2