UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOKHEAN KEO, | Case No. 1:24-cv-00945-HBK (HC) |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS DUPLICATIVE[1] |
| v. | |
| CURRENT OR ACTING FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | (Doc. No. 1) |
| Respondents. | |

Petitioner Sokhean Keo, an immigration detainee, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his prolonged detention without a bond hearing. (Doc. No. 1, "Petition"). The Petition was docketed in the Northern District of California on July 17, 2024, and subsequently transferred to the Eastern District of California on August 15, 2024. (*Id*. at 1, 9).

The Court takes judicial notice that on August 8, 2024, a week before the instant Petition was transferred from the Northern District of California, Petitioner had already filed a separate petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Eastern District of California.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

*See Keo v. Warden of the Mesa Verde ICE Processing Center, et al.*, Case No. 1:24-cv-00919-HBK.  On August 23, 2024, after a Notice of Related Cases was filed by Respondent, the Court found Case No. 1:24-cv-00919-HBK and Case No. 1:24-cv-00945-HBK were related within the meaning of Local Rule 123(a), and 1:24-cv-00945-HBK was reassigned to the undersigned.  (Doc. Nos. 12, 14).

In general, when a pro se petitioner files a habeas petition during the pendency of a previous petition, the district court should construe the second petition as a motion to amend the previous petition.  *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008).  However, construing a duplicative petition as a motion to amend the earlier petition would be purposeless.  *See Pierce v. Obama et. al.*, 2015 WL 300676, at *2 (E.D. Cal. Jan. 22, 2015) ("[Petition] is an exact duplicate of the second amended petition currently pending in the previously filed action . . . Therefore, construing the new petition as a motion to amend would serve no purpose.").

Here, upon further review, it appears the instant Petition and the petition in Case No. 1:24-cv-00919-HBK assert the identical claim that due to prolonged detention without a bond hearing he should be released, or in the alternative, Respondent should be ordered to schedule a hearing before an immigration judge.  (*See generally* Doc. No. 1).  Accordingly, Petitioner is directed to show cause why the instant Petition in this case should not be dismissed as duplicative.  If Petitioner wishes to proceed in the first filed case in this court, Case No. 1:24-cv-00919-HBK,  he may file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) in the above case.  At that point, Respondent will be directed to respond to the petition filed in his first filed case, Case No. 1:24-cv-00919-HBK.

Accordingly, it is **ORDERED**:

1. Within **fourteen (14)** days from the date of this Order, Petitioner must SHOW CAUSE the Petition in this above case should not be dismissed as duplicative of the petition in Case No. 1:24-cv-00919-HBK.  Respondent will be directed to respond no later than fourteen (14) days after Petitioner's response to this Order, if necessary.

2. In the alternative, should Petitioner agree that his petitions are duplicative, and he wishes to proceed only in his first filed case in this court, Case No. 1:24-cv-00919-HBK alone, he

1  may file a notice of voluntary dismissal in the instant case, Case No. 1:24-cv-00945, pursuant to
2  Fed. R. Civ. P. 41(a)(1)(A)(i).  Thereafter, Respondent will be directed to respond to Petitioner's
3  petition in Case No. 1:24-cv-00919-HBK.

Dated:    August 26, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE